**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TASHONA R. D.,

                Plaintiff,

    v.                                              5:23-cv-00583 (AMN/CFH)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

**APPEARANCES:**                                         **OF COUNSEL:**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **KATHRYN S. POLLACK, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On May 15, 2023, Plaintiff Tashona R. D.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("Complaint"). Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Christian F. Hummel, who, on August 12, 2024, recommended that the Court deny Plaintiff's motion to vacate the Commissioner's decision and remand for further proceedings, Dkt. No. 12, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 18, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision. Dkt. No. 19 ("Report-Recommendation").[3] Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 27. Plaintiff filed timely objections on August 26, 2024. Dkt. No. 20. Commissioner sought an unopposed extension of its time to respond on September 6, 2024, and the Court granted an extension until September 19, 2024. Dkt. Nos. 21, 22. Commissioner filed a response to Plaintiff's objections on September 19, 2024. Dkt. No. 23.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223,

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[3] The case was reassigned to the undersigned on May 17, 2023. Dkt. No. 7.

228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[4]  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review."  *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.  *See* Dkt. No. 19 at 1-7.

---

[4] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

3

First, Plaintiff objects to the Report-Recommendation's finding that the administrative law judge ("ALJ") properly considered the opinion of Dr. Corey Anne Grassl ("Dr. Grassl") in finding Plaintiff was subject to moderate limitations in her residual functional capacity ("RFC") analysis. *Compare* Dkt. No. 20 at 1-3, *with* Dkt. No. 19 at 7-20. Specifically, Plaintiff argues that the RFC failed to "account[] for all limitations assessed" in Dr. Grassl's opinion. *See* Dkt. No 20 at 2. The Court finds that Plaintiff's objection restates arguments already presented to—and addressed by—Magistrate Judge Hummel. *Compare* Dkt. No. 20, *with* Dkt. Nos. 12 at 9-18; Dkt. No. 19 at 8-20. Indeed, Plaintiff admits the argument was "stated in detail in Plaintiff's initial briefing." Dkt. No. 20 at 2. The Court finds no clear error in the treatment of this argument in the Report-Recommendation. *See* Dkt. No. 19 at 8-20; *see also Petersen*, 2 F. Supp. 3d at 228-29 & n.6. The Court is satisfied with the Report-Recommendation's finding that the ALJ properly considered and incorporated the limitations in Dr. Grassl's opinion. *See, e.g., Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, [s]he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole"); *Daniel J. v. Kijakazi*, 3:21-CV-1121 (ATB), 2022 WL 17177619, at *11 (N.D.N.Y. Nov. 23, 2022) (explaining that an RFC determination for "simple" work requiring only simple tasks and instructions was consistent with opinions finding moderate limitations in the claimant's ability to sustain a routine and concentration); *Michael C. v. Berryhill*, No. 17-CV-1395 (DJS), 2019 WL 1228553, at *5-6 (N.D.N.Y. Mar. 15, 2019) ("[t]here is significant case law within the Second Circuit finding that providing RFC limitations such as 'simple, repetitive instructions' and limiting the amount of . . . changes in the work setting account for a claimant's moderate limitations in maintaining a schedule") (citation omitted); *Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 401

(W.D.N.Y. 2018) ("The ALJ's failure to include specifically in the RFC all of the mental limitations assessed by [the medical opinions] does not necessitate remand"); *Landers v. Colvin*, 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) ("The determination that Plaintiff is limited to 'simple, repetitive, and routine tasks' accounts for Plaintiff's limitations as to maintaining ... regular attendance").

Second, to the extent Plaintiff argues that the Report-Recommendation improperly provides its own rationale and assessment of the evidence by pointing to additional medical opinions from non-examining state agency consultants to justify the RFC, the Court reviews that argument *de novo*. *Id.* at 2-3. Plaintiff's argument is not supported by the record. The ALJ explicitly considered the assessments of the non-examining state agency consultants in reaching its RFC determination. *See* Dkt. No. 9-2 at 27. Moreover, the ALJ found the non-examining state agency consultants' opinions to be persuasive and that they were "generally consistent with the overall developed record and *[Dr. Grassl]'s opinion*." *Id*. (emphasis added). As such, the Report-Recommendation does not "point to the findings of the non-examining, non-treating state agency consultants in an attempt to intuit what the ALJ may have been thinking." Dkt. No. 20 at 3. Instead, the Report-Recommendation relies on the ALJ's actual "treatment of evidence" which is "apparent from the Commissioner's decision itself." *Contra Bartrum v. Astrue*, 32 F. Supp. 3d 320, 331 (N.D.N.Y. 2012).

Plaintiff's other cited case law is similarly inapplicable. In *Petersen*, the Court remanded because the ALJ's decision contradicted a medical opinion which the ALJ afforded "great weight." 2 F. Supp. 3d at 234. Here, no such contradiction exists. Instead, Plaintiff takes issue with the fact that the RFC determination excludes a minority of the mental limitations assessed in one of several medical opinions, none of which were afforded "great weight." Dkt. No. 9-2 at 27-28. In

5

fact, the ALJ explicitly stated she could not "defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s)." *Id.* at 26.  Therefore, the RFC determination does not "contradict[]" an opinion which was afforded "great weight," and *Petersen* is inapplicable.  2 F. Supp. 3d at 234.  Moreover, Plaintiff's reliance on *Michael S. v. Saul* misses the mark.  3:18-CV-0443(TWD), 2019 WL 4038532, at *6 (N.D.N.Y. Aug. 27, 2019).  There, the Court was forced to remand "because of the confusion regarding the record and uncertainty as to whether [the ALJ] reviewed a complete record when making her decision."  *Id.*  There are no such uncertainties here, and instead, the ALJ explicitly considered the relevant parts of the record.  Dkt. No. 9-2 at 26-28.

Finally, to the extent that Plaintiff argues that it is improper to rely on the additional non-examining opinions because the opinions are "not consistent with the record as a whole," Dkt. No. 20 at 3, the Court reviews this argument *de novo*.  Plaintiff's argument ignores the law and the record.  At base, the ALJ may rely on non-examining state agency consultants' assessments in determining a claimant's RFC.  *See, e.g., Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) (the assessment of a State agency medical consultant constitutes expert evidence, which can be relied upon if supported); *see also Wetzel v. Berryhill*, 783 F. App'x 44, 46 (2d Cir. 2019) (finding that ALJ appropriately relied on non-examining state agency medical assessment); *Perry v. Berryhill*, 711 F. App'x 9, 10 (2d Cir. 2017) (same); *Camille v. Colvin*, 652 F. App'x 25, 28-29 (2d Cir. 2016) (same); *Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (same).  However, to the extent the assessments are given weight, the ALJ must "consider[] a number of factors in attributing weight to the [non-examining] medical opinions, including . . . the consistency of the opinion with the record . . . and the extent to which a medical source is familiar with the other information in [the claimant's] case record."  *Wetzel*, 783 F. App'x at 46 (citing 20 C.F.R. §

404.1527(c)(6)). Here, the ALJ properly considered the necessary factors. Dkt. No. 9-2 at 27 (noting the evidence relied upon by the non-examining consultants and that the opinions are "generally consistent with the overall developed record and the psychological consultative examiner's opinion"). Plaintiff fails to identify which aspects of the opinions are inconsistent with the record. Indeed, this Court finds the opinions are generally consistent with one another and the record as a whole. *See* Dkt. No 19 at 17 (noting the two non-examining medical consultant opinions reached "the same conclusions" and listing those conclusions); Dkt. No. 9-2 at 27 (the ALJ noting the non-examining medical consultants "provided details and citation to support their opinions").

Again, Plaintiff's cases are not to the contrary. *Cheatham v. Comm'r of Soc. Sec.*, in fact, stands for the proposition that the ALJ *is* permitted to rely on the opinions of non-examining medical consultants. 1:17-CV-0782, 2018 WL 5909937, at *6 (W.D.N.Y. Nov. 6, 2018). And while *Ortiz v. Comm'r of Soc. Sec.* states such opinions may only be relied on "if [they are] consistent with the record as a whole," that is expressly the case here. 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018).

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 19, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 12, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2024
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge